CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

DEC 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULIE L. HOLMES,<br>Plaintiff, | )<br>) Civil Action No. 7:07cv00543<br>) |
| v. | ) **ORDER ADOPTING REPORT**<br>) **AND RECOMMENDATION** |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br>Defendant. | )<br>) By: Hon. James C. Turk<br>) Senior United States District Judge |

## ORDER

Plaintiff Julie L. Holmes brings this action, pursuant to 42 U.S.C. § 1383(c)(3), incorporating 42 U.S.C. § 405(g), for review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The Court referred the matter to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge subsequently filed a report, finding that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence. The medical treatment notes of Holmes's treating physician for over five years, Dr. John F. Gaylord, were largely illegible, and certain of Dr. Gaylord's office records had not yet been provided at the time of the hearing. In his decision, the ALJ gave little weight to Dr. Gaylord's opinion, stating that it was "inconsistent with the record as a whole," without recontacting Dr. Gaylord to obtain clarification regarding his medical treatment notes. In addition, the ALJ's decision was largely based upon the opinion of medical expert Dr. H.C. Alexander, although Dr. Alexander admitted at the hearing that he had not reviewed many of Dr. Gaylord office records, and that Dr. Gaylord' treatment notes in the record were basically illegible. There was also no indication in the record that the ALJ and Dr. Alexander discussed Dr. Gaylord's office records provided after the hearing.

The Magistrate found that the ALJ's decision was not based upon substantial evidence because it was founded on the opinion of Dr. Alexander, but Dr. Alexander did not have the ability to fully evaluate Dr. Gaylord's treatment notes and records. The Magistrate Judge therefore recommended that the Court remand the case back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative consideration consistent with the findings of the Report and Recommendation, including having the Commissioner recontact Dr. Gaylord about the portions of his notes and records that are illegible, and then for the Commissioner to provide this information to a medical expert, or conduct a consultative examination, so that a fully supported assessment of Dr. Gaylord's disability opinion may be obtained.

Following the issuance of the Report and Recommendation, the parties were entitled to note any objections within ten (10) days. Fed. R. Civ. P. 72(b). The Court has received no such objections. As a result, and having reviewed the Magistrate Judge's Report and Recommendation and pertinent portions of the record, the court agrees with the Magistrate Judge's recommendation. Accordingly, it is hereby

### ORDERED and ADJUDGED

that the Magistrate Judge's Report and Recommendation (Dkt. No. 19) is **ADOPTED**. The Commissioner's Motion for Summary Judgment (Dkt. No. 14) is **DENIED**, and Holmes's Motion for Summary Judgment (Dkt. No. 10) is **GRANTED IN PART**. The case shall be remanded to the Commissioner for further consideration consistent with the Report and Recommendation. The Clerk of Court is directed to send copies of this Order to counsel of record for all parties.

**ENTER**: This 19th day of December, 2008.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge